UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROY K. SHANNON, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 09 C 482 |
| v. ) | |
| ) | Judge John W. Darrah |
| FIRST FRANKLIN FINANCIAL ) | |
| CORPORATION and ) | |
| PREMIER MORTGAGE FUNDING, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Roy Shannon, brought suit against Defendants based on alleged fraudulent conduct and misrepresentations in connection with the refinancing of Plaintiff's home. Before the Court are: (1) a motion by Defendant First Franklin Corporation ("First Franklin") to dismiss Counts I, VI and VII of the Amended Complaint; and (2) Certain Defendants' Motion to Dismiss the Amended Complaint with prejudice.

## BACKGROUND

Plaintiff alleges that Defendants conspired and fraudulently induced Plaintiff to refinance his home ("the Property") on May 25, 2007. Plaintiff alleges that Defendants knew Plaintiff would be unable to afford the monthly mortgage payment after refinancing. Specifically, Plaintiff alleges that an agent for Defendant Premier Mortgage Funding, Inc. ("Premier") took an application for a loan. Plaintiff claims the application is "replete with inaccuracies and fraudulent statements," including "fraudulently" overstating Plaintiff's income and the appraised value of the Property. Plaintiff also alleges that he was targeted for a more expensive loan because he is a minority.

## LEGAL STANDARD

In ruling on a motion to dismiss, the court must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff. *Sprint Spectrum L.P. v. City of Carmel, Ind.*, 361 F.3d 998, 1001 (7th Cir. 2004). Federal Rule of Civil Procedure 8(a)(2) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To meet Rule 8(a)(2)'s requirements, the complaint must describe the claim in sufficient detail to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 127 S.Ct. 1955, 1964 (2007) (*Bell Atlantic*) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The complaint "must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (citing *Bell Atlantic*, 550 U.S. 544, 127 S.Ct. at 1965, 1973 n. 14)).

## ANALYSIS

### *First Franklin's Motion to Dismiss*

Defendant First Franklin has moved to dismiss Counts I, VI and VII of Plaintiff's Amended Complaint. Count I alleges that Defendants violated the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"); Count VI alleges a civil conspiracy to commit fraud; and Count VII alleges Defendants violated the Credit Repair Organization Act ("CROA").

To state a claim under the ICFA, a plaintiff must allege: "(1) a deceptive act or practice by the defendant, (2) the defendant's intent that the plaintiff rely on the deception, (3) the occurrence of the deception in the course of conduct involving trade or commerce, and (4) actual

damage to the plaintiff (5) proximately caused by the deception." *Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill.2d 100, 180 (Ill. 2005). First Franklin raises two arguments against Plaintiff's ICFA claim: first, that Plaintiff fails to meet the requirements of the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure and, second, that Plaintiff has pled himself out of court by pleading facts that establish that First Franklin did not engage in a deceptive act or practice.

With respect to its Rule 9(b) argument, First Franklin argues that Plaintiff, in alleging his ICFA claim, has impermissibly lumped together Defendants First Franklin and Premier, failing to distinguish between the two in his allegations. Count I, Plaintiff's ICFA claim, speaks only of "Defendants." Furthermore, it speaks of Defendants' "unfair or deceptive acts" but does not set out, with sufficient detail, what those acts were. Thus, Plaintiff fails to satisfy Rule 9(b) with respect to his ICFA claim.

To the extent Count I could be construed to present a claim, it appears to allege that Defendants collectively violated the ICFA by concealing from Plaintiff that he would not be able to afford to make payments on the loan. As First Franklin points out, concealment is only actionable when the plaintiff establishes that the fact allegedly concealed was known to the defendant at the time of the alleged concealment. *Rockford Memorial Hosp. v. Havrilesko*, 368 Ill.App.3d 115, 122 (2d Dist. 2006). Here, because Count I of the Complaint lumps together all Defendants, Plaintiff has not clearly alleged that First Franklin knew that Plaintiff would be unable to afford his payments. Indeed, other allegations in Plaintiff's Complaint are contrary to a claim that First Franklin knew of Plaintiff's inability to pay. Plaintiff has pled in his Complaint that his loan application overstated his income and that Premier is responsible for the

"fraudulent" representation of his income; Plaintiff has not alleged First Franklin was aware of the misrepresentation. Therefore, Plaintiff has failed to sufficiently allege a deceptive act or practice by First Franklin.

Plaintiff's claim for conspiracy to commit fraud, Count VI, is also insufficiently pled. One of the elements of such a claim is "an agreement between two or more persons for the purpose of accomplishing either an unlawful purpose or a lawful purpose by unlawful means." *Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 509 (7th Cir. 2007). Plaintiff alleges that First Franklin and Premier conspired with an unnamed appraiser to arrange for a fraudulent appraisal value. Plaintiff's claim for conspiracy to commit fraud is defective in that it fails to provide sufficient details regarding the alleged agreement between Defendants. Rather, Plaintiff merely recites the elements of the cause of action – an agreement between Defendants. This is not sufficient. *See Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) ("naked assertions devoid of further factual enhancement" is not sufficient) (internal quotations omitted).

Finally, Plaintiff has not stated a claim under the CROA, Count VII of the Amended Complaint. The first and second paragraphs of Count VII state that Plaintiff incorporates the previous paragraphs of the Complaint and that the claim is against First Franklin and Premier. The third and final paragraph of Count VII states, "That the loan is forgiven in its entirety." (Compl., at ¶ 67.) This apparent statement of the relief sought is insufficient to put Defendants on notice of the nature of Plaintiff's claim under the CROA.

*Certain Other Defendants' Motion to Dismiss*

Defendants Bank of America National Association as Successor by Merger to LaSalle Bank National Association, as Trustee for Merrill Lynch First Franklin Mortgage Trust ("Bank

of America"); Mortgage Electronic Registration Systems, Inc. ("MERS"); and Merrill Lynch Mortgage Investors, Inc. ("MLMI") have moved to dismiss Plaintiff's claims with prejudice. Plaintiff has not filed a response to the motion.

Plaintiff's Amended Complaint makes only two references to Bank of America. Plaintiff alleges "The loan has now been sold to [Bank of America]" (Compl., at ¶ 27), and "Bank of America has proceeded to initiate foreclosure proceedings against Mr. Shannon when they are NOT the note holder." (Compl., at ¶ 28). These bare-bones allegations fail to satisfy the Rule 8(a) requirement of providing fair notice of what the claim is and the grounds on which it rests. They fall short, as well, of the heightened requirements of Rule 9(b) for pleading fraud.

Likewise, Plaintiff has failed to state a claim with respect to MERS. The only mention of MERS in the Amended Complaint states that it is a Delaware corporation, not licensed to conduct business in Illinois, that nonetheless purports to have an interest in the Property and may have transferred its interest to other Defendants. Again Plaintiff's statements fail to put Defendant on notice of the nature of the claim.

Finally, MLMI joins in Certain Defendants' Motion to Dismiss. MLMI is not named as a defendant in the caption of the Amended Complaint nor is it mentioned in the body of the Complaint. Nonetheless, Plaintiff had a Summons issued and subsequently served upon MLMI along with a copy of the Amended Complaint. MLMI asks that the Court quash the Summons and dismiss MLMI from these proceedings. As Plaintiff has failed to assert any reason why MLMI should be part of this suit, that relief will be granted.

## CONCLUSION

For the foregoing reasons, the motions to dismiss are granted. Counts I, VI and VII are dismissed with respect to all Defendants. Defendants Bank of America and MERS are dismissed from the case. The Summons issued to MLMI is quashed, and MLMI is dismissed from further proceedings in this case.

Dated: September 2, 2009

JOHN W. DARRAH
United States District Court Judge